**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

```
_____
                                       :
CARIN E. SOLLMAN,                      :   CIVIL ACTION
Individually and as Administratrix     :
of the Estate of Jesse E. Sollman,     :
            Plaintiff,                 :
       vs.                             :   NO. 07-1183
                                       :
OFFICER MATTHEW RENNINGER,             :
Individually and in His Official       :
Capacity as a Member of the Easton     :
Police Department,                     :
            Defendant,                 :
       and                             :
                                       :
CHIEF OF STAFF STUART GALLAHER,        :
Individually and in His Official       :
Capacity as Chief of Staff to the      :
Mayor of Easton,                       :
            Defendant,                 :
       and                             :
                                       :
MAYOR PHILLIP B. MITMAN,               :
Individually and in His Official       :
Capacity as Mayor of the City          :
of Easton,                             :
            Defendant,                 :
       and                             :
                                       :
THE CITY OF EASTON,                    :
            Defendant.                 :
_____:
```

**ORDER**

AND NOW, this 26th day of January, 2010, upon consideration of the Petition for Leave to Compromise and Settle a Section 1983 Action Which Includes, Inter Alia, Claims for Wrongful Death and Survival and in Which Minors Have an Interest filed on January 20, 2010 by Plaintiff Carin E. Sollman, Individually and as Administratrix of the Estate of Jesse E. Sollman,

IT IS ORDERED that the Petition is granted.

IT IS FURTHER ORDERED that settlement of this case for the gross sum of Five Million Dollars ($5,000,000.00) to be paid by or on behalf of the Defendants is approved.

IT IS FURTHER ORDERED that the settlement proceeds shall be distributed as follows:

| | | |
|---|---|---|
| To: | Karoly Law Offices, P.C.<br>(for counsel fees and reimbursement of case costs and expenses incurred, advanced, and/or paid and legal fees (40% of the gross proceeds)) | $  100,000.00 |
| To: | Karoly Law Offices, P.C<br>(Balance of legal fees payable on or before December 31, 2010 (40% of the gross proceeds)) | 1,900,000.00 |
| To: | Carin E. Sollman, Individually and as Administratrix of the Estate of Jesse E. Sollman<br>(Net settlement proceeds) | 1,356,000.00 |
| To: | S.R.S., the Minor daughter of Carin E. and Jesse E. Sollman | 667,500.00 |
| To: | J.E.S., the Minor son of Carin E. and Jesse E. Sollman | 667,500.00 |
| | TOTAL DISTRIBUTION | $ 5,000,000.00 |

Provided that upon receipt thereof, Plaintiff's counsel[1] shall promptly deposit the minors' funds in separate interest-bearing

---

[1] Brian J. McMonagle, Esquire appears on the docket as Plaintiff's counsel along with John P. Karoly, Jr., Esquire and Joshua E. Karoly, Esquire of Karoly Law Offices, P.C. and Joseph Welsh, Esquire.  In a January 26, 2010 telephone conference with this Court, Mr. McMonagle represented that he is withdrawing his appearance in this matter.  Thus, the duties of Plaintiff's counsel under this Order rest solely with John P. Karoly, Jr., Esquire and Joshua E. Karoly, Esquire of Karoly Law Offices, P.C. and Joseph Welsh, Esquire John P. Karoly, Jr., Esquire, Joseph Welsh, Esquire, and Joshua E. Karoly, Esquire.

savings accounts, money-market accounts or certificates of deposit at Wells Fargo Investments LLC, ATTN: Bruce E. Gover, Vice President of Investments, 672 North River Street, Plains, Pennsylvania, 18705, a federally insured depository, entitled "S.R.S., minor daughter of Carin E. and Jesse E. Sollman" and "J.E.S., minor son of Carin E. and Jesse E. Sollman"[2] subject to the express restriction which shall be noted upon the records of the depository and on the passbooks or certificates that during minority, withdrawal of principal or interest is prohibited unless specifically authorized by Order of the undersigned or by Order of any duly authorized judge of the United States District Court for the Eastern District of Pennsylvania, or of the Orphans' Court Division of the Court of Common Pleas of Northampton County, Pennsylvania, upon cause shown. When S.R.S., the minor daughter of Carin E. and Jesse E. Sollman, becomes eighteen (18) years old, and when J.E.S., the minor son of Carin E. and Jesse E. Sollman, becomes eighteen (18) years old, the depository shall, upon order of the former minor, and without the necessity of an accounting or further court Order, pay the funds then on deposit in the restricted account to the former minor.

As evidence of compliance with this Order, Plaintiff's counsel shall file with the Clerk of Court of the United States District Court for the Eastern District of Pennsylvania within thirty (30) days of each receipt of funds hereof:

- sworn acknowledgments by an authorized official of the depository, that the balance of the money as herewith allotted to each minor has been deposited in a form of savings investment entitled in the minor's name alone, subject to the restrictions on withdrawals hereinbefore

---

[2]The accounts shall bear the full legal names of the minor children. The names are abbreviated herein pursuant to Local Rule of Civil Procedure 5.1.3., Modification or Redaction of Personal Identifiers.

>                    imposed, and that said restrictions, the
>                    civil captions and civil action numbers,
>                    have been noted on the bank's records and
>                    in the passbook or on the certificate;
>
> - Certificates of Compliance with Order Directing Deposit of Minor's Funds; and
>
> - Parent's Certification Regarding Establishment of Restricted Account for Minor

IT IS FURTHER ORDERED that allocation of the settlement proceeds shall be ninety percent (90%) to the Wrongful Death cause of action and ten percent (10%) to the Survival action.

IT IS FURTHER ORDERED that the Affidavits of Deposit, the Attorney's Certificates of Compliance and the Parental Certifications required by this Order, as well as any petitions for invasion of the minors' restricted accounts, shall be filed in this Court under the within caption and civil action number.

IT IS FURTHER ORDERED that Petitioner is authorized to execute the releases necessary to effectuate the compromise and settlement set forth in the annexed Petition.

IT IS FURTHER ORDERED that the Clerk of Court shall mark the within actions closed for statistical purposes.  This Court shall retain jurisdiction to dispose of any petitions for invasion of the minors' restricted accounts and other matters regarding the within compromise and settlement.

                                        BY THE COURT:


                                        _/s/ Henry S. Perkin_
                                        HENRY S. PERKIN
                                        UNITED STATES MAGISTRATE JUDGE